UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

                                      Criminal No. 15-20711

Jose Carr,

        Defendant.

_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (D.E. No. 17)**

In this action, Defendant Jose Carr ("Defendant") was charged in an Indictment with felon in possession of a firearm. The matter is currently before the Court on Defendant's Motion to Suppress Evidence, wherein he contends that officers conducted an unlawful search and seizure of his person absent reasonable suspicion or probable cause. The Government opposes the motion.

The Court held an evidentiary hearing and entertained oral argument as to the motion on January 15, 2016. For the reasons set forth below, the Court shall DENY Defendant's Motion to Suppress Evidence.

**BACKGROUND**

Defendant was indicted in this action on November 5, 2015. Defendant is charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The Indictment also contains forfeiture allegations.

**Defendant's Motion To Suppress Evidence**

On December 3, 2015, Defendant filed the present Motion to Suppress Evidence.

(D.E. No. 17).  In it, Defendant contends that officers unlawfully searched him without probable cause or reasonable suspicion.  Defendant asks the Court to suppress the evidenced that was seized as a result of the unlawful search.

The Government opposes the motion asserting that the officers developed probable cause to search Defendant after engaging in a consensual encounter.  (Docket Entry No. 19).

**Evidentiary Hearing**

With the issues so framed by the parties, this Court held an evidentiary hearing, and heard oral argument, on January 15, 2016.  The Government presented one witness at the hearing: Edward Jackson, of the Detroit Police Department.  The Defense also presented one witness at the hearing: Defendant Jose Carr.

The Government submitted into evidence: 1) Government's Exhibit 1: a photograph depicting the liquor store on the corner of Joy Road and Piedmont St., where Defendant was observed standing; and 2) Government's Exhibit 2: a photograph depicting the area between the liquor store and Joy Road.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having observed the evidence and the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following

findings of fact and conclusions of law.[1]

## Findings Of Fact

On October 9, 2015, at approximately 9:50 p.m., Officers Edward Jackson and Stephen Cue patrolled near the intersection of Joy Road and Piedmont Street in Detroit. Edward Jackson is a police officer with the Detroit Police Department ("DPD"). He has been employed by the DPD for approximately 10 years. He is currently assigned to a Special Operations Unit, where he is tasked with patrolling high crime areas.

At the time of Defendant's arrest, Joy Road was under construction and restricted to two lanes. As Jackson was traveling westbound on Joy Road, he observed Defendant standing in front of a liquor store near the corner of Joy and Piedmont. Jackson was familiar with this area and believed it to be a high crime area. Jackson pulled alongside Defendant in the eastbound lane and, without exiting his semi-marked vehicle, lowered his window to ask Defendant what he was doing. Jackson's tone of voice was conversational. Defendant responded that he had just left the liquor store, that he already knew what they were looking for, and that all he had on him was "a little weed." Upon this exchange, Jackson activated his take-down lights (bright, white lights) in order to alert oncoming traffic that the patrol vehicle was parked against traffic in the eastbound lane. The officers then ordered Defendant to place his hands in the air as they proceeded to exit their patrol vehicle. Once Jackson approached Defendant, he asked where the marijuana was located. Defendant pointed toward the left pocket of his pants. Officer Cue then recovered a small bag of marijuana from Defendant's pocket. At that point, Jackson noticed that

---

[1] To the extent that a finding of fact is more properly a conclusion of law, and to the extent that a conclusion of law is more properly a finding of fact, it should be so construed.

Defendant's hands were shaking.  As Jackson advised Defendant to relax, he observed a bulge in

his back pocket in the shape of a handgun.  Because Defendant still appeared nervous, Jackson

asked if he was armed.  Defendant responded that he was.  Jackson then retrieved a loaded, black

38 Smith & Wesson revolver from Defendant's back pocket.  Defendant admitted that he did not

have a license to carry the weapon.  According to Jackson, the entire encounter lasted no more

than two minutes.

## Conclusions of Law

The Fourth Amendment guarantees "[t]he right of the people to be secure in their

persons... against unreasonable searches and seizures."  U.S. Const. Amend. IV.  The Supreme

Court has identified three kinds of reasonable, permissible, and warrantless encounters between

the police and citizens: (1) consensual encounters in which a police officer initiates contact and

asks questions without any objective level of suspicion; (2) investigative detentions, otherwise

known as *Terry*[2] stops, which must be predicated upon reasonable suspicion of criminal activity;

and (3) arrests, which must be supported by probable cause.  *United States v. Smith*, 594 F.3d

530, 535 (6th Cir. 2010).  Although the Fourth Amendment is not implicated by purely

consensual encounters *Florida v. Bostick*, 501 U.S. 429, 434 (1991), all other seizures

(investigative detentions and arrests) receive Fourth Amendment protection.  *Smith*, 594 F.3d at

535.

---

[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

4

I.      **Officer Jackson's Initial Interaction With Defendant Amounted To A Consensual Encounter**

An interaction between a police officer and a citizen is "consensual" for purposes of the Fourth Amendment when "a reasonable person would feel free to terminate the encounter." *United States v. Drayton*, 536 U.S. 194, 201 (2002). A consensual encounter does not rise to the level of a seizure when an officer merely approaches "individuals on the street or in other public places and [poses] questions to them if they are willing to listen." *Id.* at 200. During such encounters, an officer is permitted to "ask citizens 'general questions without having any reasonable suspicion of criminal activity, so long as the officers refrain from the type of intimidating behavior that would lead a reasonable person to believe that the person was not free to leave.'" *United States v. Davis*, 514 F.3d 596, 607 (6th Cir. 2008) (quoting *United States v. Waldon*, 206 F.3d 597, 603 (6th Cir. 2008)). "Circumstances indicative of a seizure [as opposed to a consensual encounter] include 'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *United States v. Jones*, 562 F.3d 768, 772 (6th Cir. 2009) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

Here, Defendant denies that a consensual encounter took place. Thus, the first issue before the Court is whether or not the interaction between officer Jackson and Defendant amounted to a permissible, consensual encounter or whether it rose to the level of a seizure.

Based on the Court's review of the credible testimony of Officer Jackson, the Court finds that the initial conversation between Jackson and Defendant amounted to a consensual encounter. None of the circumstances indicative of a seizure existed at that the point of initial

5

contact and thus, Defendant could not have reasonably believed that he was not free to terminate

the encounter.  First, at the point of initial contact, the only question posed to Defendant by

Officer Jackson occurred while the officers remained in their vehicle.  Second, during this initial

encounter, the officers' vehicle was parked in the lane of traffic on Joy Road.  Third, neither

officer brandished any weapons while in the vehicle.  Fourth, neither officer indicated, by their

tone or language, that Defendant was compelled to answer their question.  Moreover, it was not

until after Defendant voluntarily admitted that he was in possession of marijuana that the officers

exited their vehicle, approached Defendant, and conducted a subsequent search of his person.

**II.     Reasonable Suspicion Existed To Justify The Subsequent Search And Seizure Of Defendant**

Because the initial exchange between Defendant and the officers was constitutionally

permissible, the Court must next determine whether or not reasonable suspicion existed to justify

the subsequent search and seizure of Defendant (i.e. the *Terry* stop).

"Once a consensual encounter escalates to the point where the individual is 'seized,' the

police officer must have a reasonable suspicion of criminal activity to justify a *Terry* stop, or

probable cause to justify an arrest, in order for the seizure to comply with the Fourth

Amendment."  *United States v. Campbell*, 486 F.3d 949, 954 (6th Cir. 2007).

**A.     Reasonable Suspicion**

When presented with an investigatory (or *Terry*) stop, the Court must consider whether

the stop withstands Fourth Amendment scrutiny.  In so doing, the Court engages in a two-part

analysis:

First, we determine whether there was a proper basis for the stop, which is judged
by examining whether the law enforcement officials were aware of specific and
articulable facts which gave rise to reasonable suspicion... Second, we decide

6

whether the degree of intrusion into the suspect's personal security was
reasonably related in scope to the situation at hand, which is judged by examining
the reasonableness of the officials' conduct given their suspicions and the
surrounding circumstances.

*U.S. v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993) (internal citations and quotations omitted).

At issue in this case is whether or not reasonable suspicion existed so as to satisfy the
first prong of the above analysis.

Reasonable suspicion is a less demanding standard than probable cause. *United States v.
Mays*, 643 F.3d 537, 542 (6th Cir. 2011). The Fourth Amendment requires, at the very least, a
minimal level of objective justification for making the stop and suspecting wrongdoing. *Id.*
(citations omitted). Accordingly, the officer must articulate more than an inchoate and
unparticularized suspicion or hunch. *Id.* Absent reasonable suspicion, a brief investigatory stop
is impermissible and any evidence obtained as a result would be subject to suppression. *Jones*,
562 F.3d at 773 (citing *United States v. Pearce*, 531 F.3d 374, 379 (6th Cir. 2008)). In making
this determination, the Court must consider the totality of the circumstances as they existed at the
time of the stop. *United States v. McCauley*, 548 F.3d 440, 443 (6th Cir. 2008).

Based on the credible testimony of Officer Edward Jackson, the Court finds that specific
and articulable facts existed to give rise to reasonable suspicion of criminal activity. Most
notable is the fact that the officers remained in their vehicle *until* Defendant volunteered to them
that he possessed marijuana. Defendant's admission, without more, amounts to a particularized
and objective basis for suspecting wrongdoing since possession of marijuana is a criminal
offense in Michigan. M.C.L. § 333.7403. Similarly, the following facts support a finding that
the officers possessed reasonable suspicion to further search Defendant for possession of a gun:
(1) Defendant admitted wrongdoing: possession of marijuana; (2) Officer Jackson noticed a

7

bulge, in the shape of a handgun, in Defendant's back pocket; and (3) upon being questioned,

Defendant admitting that a gun was located in his back pocket.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Suppress

Evidence (D.E. No. 17) is DENIED.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 1, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager